# EXHIBIT B

EXHIBIT B

Electronically Filed
4/7/2026 5:28 PM
Steven D. Grierson
CLERK OF THE COURT

CASE NO: A-26-943514-C
Department 1

**COMP**

BENJAMIN P. CLOWARD, ESQ.
Nevada Bar No. 11087
IAN C. ESTRADA, ESQ.
Nevada Bar No. 12575
RICHARD L. HOLCOMB, ESQ.
Nevada Bar No. 16890
**CLOWARD TRIAL LAWYERS**
6830 W. Oquendo Rd., Ste. 202
Las Vegas, Nevada 89118
Phone: (702) 605-5000
Fax: (702) 997-5000
E-Mail: ben@thefiercefirm.com
E-Mail: ian@thefiercefirm.com
E-Mail: rick@thefiercefirm.com
*Attorneys for Plaintiffs*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JULIE ALLEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DUPRAY INDUSTRIES, INC., a Foreign Corporation, DUPRAY USA, LLC, a Foreign Limited Liability Company, AMAZON.COM, INC., a Foreign Corporation, AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Corporation, AMAZON LOGISTICS, INC., a Foreign Corporation, DOES 1 through 20, ROE CORPORATIONS I through 20, and/or DOE EMPLOYEES 1 through 20, and/or DOE MANUFACTURERS 1 through 20, and/or DOE CONTRACTORS 1 through 20, and or ROE SUBCONTRACTORS 1 through 20<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br>**COMPLAINT** |

COMES NOW the Plaintiff, JULIE ALLEN, individually, by and through her attorneys BENJAMIN P. CLOWARD, ESQ. and RICHARD L. HOLCOMB, ESQ. of CLOWARD TRIAL LAWYERS and for her causes of action against all Defendants, and each of them, alleges as follows:

**PARTIES AND JURISDICTION**

1. That at all times relevant to these proceedings, Plaintiff JULIE ALLEN was and is a resident of Las Vegas, Nevada.

2. That at all times relevant to these proceedings, Defendant DUPRAY INDUSTRIES, INC. was and is a Canadian Corporation and a global manufacturer and distributor of steam cleaning devices including the Dupray Neat Steam Cleaner.

3. That at all times relevant to these proceedings, Defendant DUPRAY USA, LLC is a subsidiary or other entity that, upon information and belief, is owned and/or operated by Defendant DUPRAY INDUSTRIES, INC. DUPRAY USA, LLC is the entity by and through which Defendant DUPRAY INDUSTRIES, INC. operates in the United States, including in Nevada.

4. At all times relevant to these proceedings, Defendant AMAZON.COM, Inc., upon information and belief, was the largest global online retailer, selling a wide variety of goods, media, and intellectual property, including the Dupray Neat Steam Cleaner which is the subject of this lawsuit.

5. At all times relevant to these proceedings, Defendant AMAZON SERVICES, LLC is and was a wholly owned subsidiary of Defendant AMAZON.COM, INC. responsible for operational, e-commerce, logistics and other retail activities, including the sale of the Dupray Neat Steam Cleaner which is the subject of this lawsuit.

6. That the true names and capacities, whether individual, corporate, association or otherwise of the Defendants, DOES 1 through 20 and/or ROE CORPORATIONS I through 20, and/or DOE EMPLOYEES 1 through 20, and/or DOE MANUFACTURERS 1 through 20, and/or DOE CONTRACTORS 1 through 20, and or ROE SUBCONTRACTORS 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOES and/or ROES is responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to the Plaintiff, as herein alleged, and are otherwise entities that are liable for Plaintiff's injuries as such are in the "stream of commerce"; that the Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES 1 through 20 and/or ROE CORPORATIONS 1 through 20, and/or DOE EMPLOYEES 1 through 20, and/or DOE MANUFACTURERS 1 through 20 and/or DOE CONTRACTORS 1 through 20, and or ROE SUBCONTRACTORS 1 through 20, inclusive, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendants in this action.

7. That said DOE and ROE Defendants are the employees, manufacturers, designers, component part manufacturers, installers, owners, distributors, repairers, maintainers, warned for use, retailers, and/or warrantors of said defective product as set forth herein.

8. Plaintiff is informed and believes, and based upon such information and belief, alleges that each of the Defendants herein designated as DOES and ROES are in some manner responsible for the occurrences and injuries sustained and alleged herein.

9. Plaintiff is informed and believes and thereon alleges that at all relevant times herein mentioned Defendants, and each of them, were the agents and/or servants and/or employees and/or partners and/or joint venture partners and/or employers of the remaining Defendants and were acting within the course and scope of such agency, employment, partnership or joint venture and with the knowledge and consent of the remaining Defendants.

## GENERAL FACTUAL ALLEGATIONS

10. During the relevant time period, the Dupray Neat Steam Cleaner was the number one bestselling steam cleaner on Defendant AMAZON's website.

11. On November 27, 2020, Plaintiff JULIE ALLEN purchased a Dupray Home Steam Cleaner from Defendant AMAZON:

. . .



CLOWARD TRIAL LAWYERS

## View order details

Order date Nov 27, 2020
Order # 111-2809589-8609838
Order total $162.32 (1 item)

### Shipment details

**Shipped**
**Dec 3, 2020 - Dec 7, 2020**



**Dupray Neat Steam Cleaner Multipurpose Heavy Duty Steamer for Floors,** $189.78
Qty: 1
Sold By: DUPRAY

### Payment information

**Payment method**
[redacted]

### Shipping address

julie allen
[redacted]

12. Defendants AMAZON.COM, INC. and/or AMAZON.COM SERVICES, LLC sold the Dupray Neat Steam Cleaner to Plaintiff ALLEN.

13. Defendant AMAZON LOGISTICS, INC., while acting within the authority of its agency with Defendants and/or on behalf of and in furtherance of its joint venture with Defendants, stored and delivered the Dupray Neat Steam Cleaner to Plaintiff ALLEN shortly after the purchase.

14. As such, the AMAZON Defendants are in the "stream of commerce" for the purposes of Plaintiff ALLEN's products liability claims.

15. Plaintiff ALLEN used the Dupray Neat Steam Cleaner as intended, regularly, and routinely over the course of approximately four years.

16. On February 23, 2025, Plaintiff ALLEN attempted to use the Dupray Neat Steam Cleaner.

17. On February 23, 2025, Plaintiff ALLEN followed all normal operating procedures in compliance with instructions provided by Defendant DUPRAY. Plaintiff ALLEN pressed the "on" button, allowed the Dupray Neat Steam Cleaner to warm up, and began using it to clean her bedroom.

18. Suddenly and without warning, Plaintiff ALLEN's Dupray Neat Steam Cleaner violently exploded sending large and small chunks of shrapnel in every direction of Plaintiff ALLEN's bedroom:





19. As a result of the explosion, shrapnel flew across the room in all directions, piercing through and embedding in the drywall:







20. The explosion broke windows across the room as well as Plaintiff ALLEN's big screen television:





21. The explosion was so violent that only fragments of the Dupray Neat Steam Cleaner remained:





22. Plaintiff ALLEN suffered severe and permanent injuries as a result of the explosion of the Dupray Neat Steam Cleaner. The explosion nearly blew her left hand off:





23. Plaintiff ALLEN also suffered extensive bruising and abrasions to her leg when the Dupray Neat Steam Cleaner exploded directly next to her:



24. Before the February 23, 2025 explosion of the Dupray Neat Steam Cleaner, Plaintiff ALLEN had been a vibrant and active executive of a gene therapy biotech company, Lexeo:




CLOWARD TRIAL LAWYERS

25. Plaintiff ALLEN's life was permanently altered by the catastrophic injuries she suffered on February 3, 2025 as a result of the Dupray Neat Steam Cleaner explosion.

26. In addition to her severe physical, mental, and emotional injuries, as well as the accompanying pain and suffering, Plaintiff ALLEN lost her job as a Vice President at Lexeo where she earned a generous salary and annual bonus. Plaintiff ALLEN's physical limitations, pain, and frequent doctor and therapy appointments caused her to miss important work meetings.

27. Subsequent to the explosion of February 23, 2025, Plaintiff ALLEN learned that explosions of Dupray Neat Steam Cleaners had occurred before. Counsel discovered several enlightening customer reviews of the Dupray Neat Steam Cleaner:

EileenJc

***1.0 out of 5 stars* Exploded bottom large holes due to corrosion**

Reviewed in the United States on August 1, 2025

Size: 17-piece (Neat Steam cleaner)**Verified Purchase**

Bought this in December of 2021. It went in the garbage this week. It exploded on me. Hot water all over the floor steam running up the walls. Took it apart and the bottom of the heating container had large holes due to corrosion. Sorry this should never happen, If I or child had been near they could have been burned.

Think before getting not just because of the possibility of above but storage issues. This is very difficult to store need large place to put it due to hosing and large length plastic piping

3 people found this helpful

Helpful

Report

CLOWARD TRIAL LAWYERS

Jared S

***1.0 out of 5 stars* Dangerous. Mine literally exploded**

Reviewed in the United States on November 29, 2025

Size: 17-piece (Neat Steam cleaner)**Verified Purchase**

[Click to play video]

Mine literally exploded while I was waiting for it to heat up. Pieces flew all across my living room. Shattered a tile in my kitchen wall and ripped the paint off my ceiling. Thank goodness no one was in the room when it happened.

3 people found this helpful

Helpful

Report

28. These explosions occurred with such frequency that in March 2026, Dupray announced a recall of approximately 651,000 Dupray Neat Steam Cleaners due to a faulty pressure release valve which resulted in the risk of the "boiler ruptur[ing]":






29. The recall was for the same model number of Dupray Neat Steam Cleaner that exploded on February 3, 2025 and injured Plaintiff ALLEN:




30. Upon information and belief, the faulty pressure valve caused the February 23, 2025 explosion of Plaintiff ALLEN's Dupray Neat Steam Cleaner.

. . .

**FIRST CAUSE OF ACTION**
***Negligence as to All Defendants***

31. That Plaintiffs incorporate by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

32. Defendants owed a duty to Plaintiffs, and others similarly situated, to ensure that their product, and particularly the Dupray Neat Steam Cleaner was properly functioning and safe for use by the end consumer.

33. Defendants, and each of them, while in the course and scope of their employment and/or agency with other Defendants, negligently failed to warn Plaintiff of safety hazards which resulted in Plaintiff's injuries.

34. Defendants, and each of them, knew or should have known that unreasonably dangerous conditions existed with the Dupray Neat Steam Cleaner, being used by Plaintiff, namely the risk of explosion due to the faulty pressure release valve.

35. Defendants owed a duty of due care to Plaintiffs, and others similarly situated, in the design, testing, manufacture, installation, assembly, marketing, instructions for use and warnings for the subject Dupray Neat Steam Cleaner.

36. Defendants breached their duty of due care by their negligent, careless, wanton, willful, and indifferent failure to act including, but not limited to:

a. The negligent and improper design, testing, manufacture, installation assembly, instructions for use and warnings for the Dupray Neat Steam Cleaner; and

b. The failure to provide adequate, accurate, and effective warnings and instructions to owners, operators, and users of the subject Dupray Neat Steam Cleaner.

. . .

. . .

**SECOND CAUSE OF ACTION**
***Strict Product Liability Defective Design, Manufacture and/or Failure to Warn as to all Defendants***

37. That Plaintiffs incorporate by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

38. That upon information and belief, Defendants, and/or DOE/ROE Defendants, are and were a component part manufacturer, installer, owner, distributor, repairer, maintainer, warned for use, retailer, and/or warrantor of said defective product as set forth herein.

39. That the true names and capacities, whether individual, corporate, agents, association or otherwise of the DOE and ROE, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOE and/or ROE are responsible in some manner for the events and happenings herein referred to, and in some manner cased the injuries and damages proximately thereby to the Plaintiff as herein alleged; that the Plaintiff will ask leave of this court to amend this Complaint to insert the true names and capacities of said DOE and/or ROE Defendants, when the same have been ascertained by the Plaintiff, together with appropriate charging allegations, and to join such Defendants in this action.

40. That said DOE and ROE Defendants are the manufacturers, designers, component part manufacturers, installers, owners, distributors, repairers, maintainers, retailers, warned for use, warrantors of said defective product as set forth herein.

41. That upon information and belief, Defendants, and each of them, sold the subject product and failed to warn Plaintiffs of the hazards of the use of the subject product.

42. At the time of this incident, the product had a design and/or manufacturing defect that rendered the product unreasonably dangerous and potentially deadly.

43. The defect, which rendered it unreasonably dangerous, existed at the time the subject product and its component parts left the care, custody and control of the above-named Defendants and/or ROE/DOE Defendants

44. The Defendants and/or ROE/DOE Defendants, knew or should have known of the subject product's defect which rendered it unreasonably dangerous at the time of placing the subject product into the stream of commerce and failed to undertake measures to prohibit it from entering into the stream of commerce and into the hands of users in the State of Nevada, including warnings of the risks for product failure, proper use and maintenance of the product and proper inspection of the product for potential hazards and/or defects.

45. That the subject product was defective due to Defendants, and each of their failure to warn of the potential dangers associated with using said product.

46. That said product was defective due to a manufacturers' defect, design defect, or defect due to lack of adequate warnings.

47. That the Dupray Neat Steam Cleaner was defective as a result of its design which rendered the product unreasonably dangerous.

48. That the Dupray Neat Steam Cleaner was unreasonably dangerous and defective because it lacked suitable and adequate warnings concerning its safe and proper use which rendered the product unreasonably dangerous.

49. That the Dupray Neat Steam Cleaner failed to perform in the manner reasonably expected in light of its nature and intended function and was more dangerous than would be contemplated by the ordinary user, including Plaintiff, having the ordinary knowledge available in the community, which rendered the product unreasonably dangerous.

50. That Defendants, and each of their failure to warn was a proximate cause of Plaintiff's injuries.

51. That said product's manufacturing and/or design defect was the proximate cause of Plaintiff's injuries.

52. The Defendants and/or DOE/ROE Defendant' conduct was the direct and proximate cause of Plaintiff's injuries.

53. The Defendants and/or DOE/ROE Defendants are strictly liable to Plaintiff ALLEN jointly and severally for the damages Plaintiff ALLEN has sustained.

54. That Plaintiffs have been forced to retain the service of an attorney to represent them in this action, and as such is entitled to reasonable attorney's fees and litigation costs.

**THIRD CAUSE OF ACTION**
***Breach of Express Warranties as to as to the Dupray Defendants***

55. That Plaintiffs incorporate by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

56. Defendants DUPRAY INDUSTRIES, INC. and/or DUPRAY USA, LLC and/or ROE/DOE Defendants, expressly warranted that the Dupray Neat Steam Cleaner was free from defects and was safe for use.

57. Defendants breached the express warranties, and these breaches of warranty were the proximate and legal cause of the failure of the walk-in bathtub.

58. Plaintiffs sustained injuries and damages as a result of the Defendants' breach.

**FOURTH CAUSE OF ACTION**
***Breach of Implied Warranty of Fitness for a Particular Purpose as to the Dupray Defendants***

59. That Plaintiffs incorporate by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

60. Defendants DUPRAY INDUSTRIES, INC. and/or DUPRAY USA, LLC, and/or ROE/DOE Defendants, impliedly warranted that the Dupray Neat Steam Cleaner was fit to be used for a particular purpose and was safe for use.

61. Defendants had reason to know:

c. The particular purpose for which the Dupray Neat Steam Cleaner would be used, and;

d. That Plaintiff ALLEN was relying on Defendants' skill and judgment to provide a suitable product.

62. Defendants implicitly warranted that the Dupray Neat Steam Cleaner was fit for the particular purpose for which it was required and that it was safe for Plaintiff ALLEN to use in the manner contemplated.

63. Defendants breached their implied warranty of fitness for a particular purpose, and the breaches of warranty were the proximate and legal cause of the failure of the Dupray Neat Steam Cleaner

64. Plaintiffs sustained injuries and damages as a result of Defendants' breach.

**FIFTH CAUSE OF ACTION**
***Breach of Implied Warranty of Merchantability as to as to the Dupray Defendants***

65. That Plaintiffs incorporate by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

66. Defendants DUPRAY INDUSTRIES, INC. and/or DUPRAY USA, LLC, and/or ROE/DOE Defendants, breached the implied warranty of merchantability, and their breach of warranty was the proximate and legal cause of the failure of the walk-in bathtub.

67. Plaintiffs sustained injuries and damages as a result of Defendants' breach.

**PUNITIVE DAMAGES**
***As to the Dupray Defendants***

68. That Plaintiffs incorporate by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

69. The Defendants DUPRAY INDUSTRIES, INC. and/or DUPRAY USA, LLC, and/or ROE/DOE Defendants, knew or should have known of the subject product's defect which rendered it unreasonably dangerous at the time of placing the subject product into the stream of commerce and failed to undertake measures to prohibit it from entering into the stream of commerce and into the hands of users in the State of Nevada, including warnings of the risks for product failure, proper use and maintenance of the product and proper inspection of the product for potential hazards and/or defects.

70. Defendants conduct was wrongful because Defendants engaged in oppression, malice and with a conscious disregard toward individuals like Plaintiff ALLEN who purchased and used the Dupray Neat Steam Cleaner in accordance with its intended use and said conduct was despicable.

71. Specifically, Defendants marketed the Dupray Neat Steam Cleaner as a powerful chemical-free cleaner for use on numerous surfaces and materials. As of September 2025 and in regard to Dupray Neat Steam Cleaner, Defendants boasted:

- Powerful Chemical-Free Cleaning: Generates superheated steam up to 275F/135C to effectively lift dirt, grease, and grime from a variety of surfaces without using harsh chemicals. Clean, sanitize, refresh, detail, and deodorize multiple surfaces naturally with just water;

- 17 Multipurpose Accessories: Versatile kit is engineered for whole-home cleaning, from grout lines and ceramic tile to sealed floors, appliances, car interiors, carpets, upholstery and more;

- Compact & Portable Design: Lightweight, easy to maneuver, and sleek design enables effortless cleaning in tight spaces, corners, and hard-to-reach areas;

- Large Tank Capacity: Long run time of 50 minutes of continuous steam per fill, enabling hours of deep cleaning sessions without the hassle of frequent refills;

- Lightweight, Engineered for Reach: Long hose and extension tubes let you leave the steamer in place while you move easily around floors, walls, car interiors, corners, and tight spaces with no need to bend;

- Cleaner Home, Naturally: Chemical-free cleaning that helps lift and remove stains from surfaces, suitable for households with kids and pets;

- Latest Design and Manufacturing: The units available for purchase are produced under the latest design and manufacturing specifications updated post 09/2025; [and]

- Kills 99.9% of Bacteria & Viruses: Tests conducted in a third-party laboratory under controlled conditions demonstrate effective sanitization.

72. Defendants did not use reasonable care in the design of the Dupray Neat Steam Cleaner and, instead, provided the cleaner to consumers with a faulty pressure release valve and, accordingly, an unreasonable risk of an explosion.

73. Defendants knew of the heightened risk associated with use of a device that relies on high levels of pressure, but did not adequately design, test and/or warn of the faulty pressure release valve and/or the unreasonably likely consequences to consumers like Plaintiff.

74. Defendants knew of prior events where Dupray Neat Steam Cleaners had exploded but took no remedial measures and issued no warnings or recalls to its customers. Defendants continued to sell the device as a safe device for cleaning consumers', such as Plaintiff's, homes.

75. Defendants knew of alternative designs for the faulty pressure release valve that were much safer to users like Plaintiff who were placed at a substantial risk of having their Dupray Neat Steam Cleaner(s) explode during normal and intended use of the device.

76. Defendants did nothing to warn Plaintiff and other consumers of the risk of the explosion – a risk that Defendants knew or should have known about but consciously disregarded and ignored.

77. Because of Defendants' conscious choices to put profits before safety, the Dupray Neat Steam Cleaner was a ticking time bomb. Plaintiff ALLEN's injuries were completely avoidable as Defendants could have warned Plaintiff of the risks associated with the faulty pressure release valve and/or issued the recall before Plaintiff was injured in the February 23, 2025 explosion.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that Judgment be entered as set forth below

1. General damages for Plaintiffs pain, suffering, disfigurement, emotional distress, shock and agony in an amount in excess of $15,000.00;
2. Compensatory damages in an amount in excess of $15,000.00;
3. Special damages for Plaintiffs medical expenses in an amount to be proven at trial;
4. For punitive damages in excess of $15,000.00;
5. For reasonable attorney's fees, pre-judgment interest and costs of incurred herein;
6. For such other and further relief as the Court may deem just and proper in the premises.

DATED this 7th day of April, 2026.

**CLOWARD TRIAL LAWYERS**
*/s/ Richard Holcomb*
RICHARD L. HOLCOMB, ESQ.
Nevada Bar No. 16890
6830 S. Oquendo Rd., Suite 202
Las Vegas, Nevada 89118
*Attorneys for Plaintiffs*

Electronically Issued
4/7/2026 5:30 PM

SUMM

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

JULIE ALLEN, an individual,

Plaintiff,

vs.

DUPRAY INDUSTRIES, INC., a Foreign Corporation, DUPRAY USA, LLC, a Foreign Limited Liability Company, AMAZON.COM, INC., a Foreign Corporation, AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Corporation, AMAZON LOGISTICS, INC., a Foreign Corporation, DOES 1 through 20, ROE CORPORATIONS I through 20, and/or DOE EMPLOYEES 1 through 20, and/or DOE MANUFACTURERS 1 through 20, and/or DOE CONTRACTORS 1 through 20, and or ROE SUBCONTRACTORS 1 through 20

Defendants.

CASE NO.:
DEPT NO.:

CASE NO: A-26-943514-C
Department 1

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW**

To THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

**AMAZON.COM, INC.**

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Date Served: 5/14/2026
Time Served: 3:25
CG Server: SB 15891564

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of
**Cloward Trial Lawyers**

By: /s/ *Richard Holcomb*
Richard L. Holcomb, Esq.
Nevada Bar No. 16890
6830 W. Oquendo Rd., Ste. 202
Las Vegas, Nevada 89118
*Attorneys for Plaintiff*

STEVEN D. GRIERSON
**CLERK OF COURT**

Janelle Macias

Deputy Clerk Date 4/8/2026
County Court House
200 Lewis Avenue
Las Vegas, Nevada 89155

Electronically Issued
4/7/2026 5:30 PM

SUMM

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JULIE ALLEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DUPRAY INDUSTRIES, INC., a Foreign Corporation, DUPRAY USA, LLC, a Foreign Limited Liability Company, AMAZON.COM, INC., a Foreign Corporation, AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Corporation, AMAZON LOGISTICS, INC., a Foreign Corporation, DOES 1 through 20, ROE CORPORATIONS I through 20, and/or DOE EMPLOYEES 1 through 20, and/or DOE MANUFACTURERS 1 through 20, and/or DOE CONTRACTORS 1 through 20, and or ROE SUBCONTRACTORS 1 through 20<br><br>Defendants. | CASE NO.: CASE NO: A-26-943514-C<br>DEPT NO.: Department 1 |

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW**

To THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

**AMAZON.COM SERVICES, LLC**

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of
**Cloward Trial Lawyers**

By: */s/ Richard Holcomb*
Richard L. Holcomb, Esq.
Nevada Bar No. 16890
6830 W. Oquendo Rd., Ste. 202
Las Vegas, Nevada 89118
*Attorneys for Plaintiff*

STEVEN D. GRIERSON
**CLERK OF COURT**

Janelle Macias
Deputy Clerk Date 4/8/2026
County Court House
200 Lewis Avenue
Las Vegas, Nevada 89155

Electronically Filed
5/10/2026 1:07 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**

BENJAMIN P. CLOWARD, ESQ.
Nevada Bar No. 11087
IAN C. ESTRADA, ESQ.
Nevada Bar No. 12575
RICHARD L. HOLCOMB, ESQ.
Nevada Bar No. 16890
**CLOWARD TRIAL LAWYERS**
6830 W. Oquendo Rd., Ste. 202
Las Vegas, Nevada 89118
Phone: (702) 605-5000
Fax: (702) 997-5000
E-Mail: ben@thefiercefirm.com
E-Mail: ian@thefiercefirm.com
E-Mail: rick@thefiercefirm.com
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JULIE ALLEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DUPRAY INDUSTRIES, INC., a Foreign Corporation, DUPRAY USA, LLC, a Foreign Limited Liability Company, AMAZON.COM, INC., a Foreign Corporation, AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Corporation, AMAZON LOGISTICS, INC., a Foreign Corporation, DOES 1 through 20, ROE CORPORATIONS I through 20, and/or DOE EMPLOYEES 1 through 20, and/or DOE MANUFACTURERS 1 through 20, and/or DOE CONTRACTORS 1 through 20, and or ROE SUBCONTRACTORS 1 through 20<br><br>Defendants. | Case No.: A-26-943514-C<br>Dept. No.: 1<br><br>**AMENDED COMPLAINT** |

COMES NOW the Plaintiff, JULIE ALLEN, individually, by and through her attorneys BENJAMIN P. CLOWARD, ESQ. and RICHARD L. HOLCOMB, ESQ. of CLOWARD TRIAL LAWYERS and for her causes of action against all Defendants, and each of them, alleges as follows:

**PARTIES AND JURISDICTION**

1. That at all times relevant to these proceedings, Plaintiff JULIE ALLEN was and is a resident of Las Vegas, Nevada.

2. That at all times relevant to these proceedings, Defendant DUPRAY INDUSTRIES, INC. was and is a Canadian Corporation and a global manufacturer and distributor of steam cleaning devices including the Dupray Neat Steam Cleaner.

3. That at all times relevant to these proceedings, Defendant DUPRAY USA, LLC is a subsidiary or other entity that, upon information and belief, is owned and/or operated by Defendant DUPRAY INDUSTRIES, INC. DUPRAY USA, LLC is the entity by and through which Defendant DUPRAY INDUSTRIES, INC. operates in the United States, including in Nevada.

4. At all times relevant to these proceedings, Defendant AMAZON.COM, Inc., upon information and belief, was the largest global online retailer, selling a wide variety of goods, media, and intellectual property, including the Dupray Neat Steam Cleaner which is the subject of this lawsuit.

5. At all times relevant to these proceedings, Defendant AMAZON SERVICES, LLC is and was a wholly owned subsidiary of Defendant AMAZON.COM, INC. responsible for operational, e-commerce, logistics and other retail activities, including the sale of the Dupray Neat Steam Cleaner which is the subject of this lawsuit.

6. That the true names and capacities, whether individual, corporate, association or otherwise of the Defendants, DOES 1 through 20 and/or ROE CORPORATIONS I through 20, and/or DOE EMPLOYEES 1 through 20, and/or DOE MANUFACTURERS 1 through 20, and/or DOE CONTRACTORS 1 through 20, and or ROE SUBCONTRACTORS 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOES and/or ROES is responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to the Plaintiff, as herein alleged, and are otherwise entities that are liable for Plaintiff's injuries as such are in the "stream of commerce"; that the Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES 1 through 20 and/or ROE CORPORATIONS 1 through 20, and/or DOE EMPLOYEES 1 through 20, and/or DOE MANUFACTURERS 1 through 20 and/or DOE CONTRACTORS 1 through 20, and or ROE SUBCONTRACTORS 1 through 20, inclusive, when the same have been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendants in this action.

7. That said DOE and ROE Defendants are the employees, manufacturers, designers, component part manufacturers, installers, owners, distributors, repairers, maintainers, warned for use, retailers, and/or warrantors of said defective product as set forth herein.

8. Plaintiff is informed and believes, and based upon such information and belief, alleges that each of the Defendants herein designated as DOES and ROES are in some manner responsible for the occurrences and injuries sustained and alleged herein.

9. Plaintiff is informed and believes and thereon alleges that at all relevant times herein mentioned Defendants, and each of them, were the agents and/or servants and/or employees and/or partners and/or joint venture partners and/or employers of the remaining Defendants and were acting within the course and scope of such agency, employment, partnership or joint venture and with the knowledge and consent of the remaining Defendants.

**<u>GENERAL FACTUAL ALLEGATIONS</u>**

10. During the relevant time period, the Dupray Neat Steam Cleaner was the number one bestselling steam cleaner on Defendant AMAZON's website.

11. On November 27, 2020, Plaintiff JULIE ALLEN purchased a Dupray Home Steam Cleaner from Defendant AMAZON:

. . .

## View order details

Order date Nov 27, 2020
Order # 111-2809589-8609838
Order total $162.32 (1 item)

### Shipment details

**Shipped**
**Dec 3, 2020 - Dec 7, 2020**



**Dupray Neat Steam Cleaner Multipurpose Heavy Duty Steamer for Floors,** $189.78
Qty: 1
Sold By: DUPRAY

### Payment information

**Payment method**
Visa ending in 1689

### Shipping address

julie allen
11837 COGOLETO AVE
LAS VEGAS, NV 89138-4687
United States

12. Defendants AMAZON.COM, INC. and/or AMAZON.COM SERVICES, LLC sold the Dupray Neat Steam Cleaner to Plaintiff ALLEN.

13. Defendant AMAZON LOGISTICS, INC., while acting within the authority of its agency with Defendants and/or on behalf of and in furtherance of its joint venture with Defendants, stored and delivered the Dupray Neat Steam Cleaner to Plaintiff ALLEN shortly after the purchase.

14. As such, the AMAZON Defendants are in the "stream of commerce" for the purposes of Plaintiff ALLEN's products liability claims.

15. Plaintiff ALLEN used the Dupray Neat Steam Cleaner as intended, regularly, and routinely over the course of approximately four years.

16. On February 3, 2025, Plaintiff ALLEN attempted to use the Dupray Neat Steam Cleaner.

17. On February 3, 2025, Plaintiff ALLEN followed all normal operating procedures in compliance with instructions provided by Defendant DUPRAY. Plaintiff ALLEN pressed the "on" button, allowed the Dupray Neat Steam Cleaner to warm up, and began using it to clean her bedroom.

18. Suddenly and without warning, Plaintiff ALLEN's Dupray Neat Steam Cleaner violently exploded sending large and small chunks of shrapnel in every direction of Plaintiff ALLEN's bedroom:





19. As a result of the explosion, shrapnel flew across the room in all directions, piercing through and embedding in the drywall:







20. The explosion broke windows across the room as well as Plaintiff ALLEN's big screen television:





21. The explosion was so violent that only fragments of the Dupray Neat Steam Cleaner remained:





22. Plaintiff ALLEN suffered severe and permanent injuries as a result of the explosion of the Dupray Neat Steam Cleaner. The explosion nearly blew her left hand off:





23. Plaintiff ALLEN also suffered extensive bruising and abrasions to her leg when the Dupray Neat Steam Cleaner exploded directly next to her:



24. Before the February 3, 2025 explosion of the Dupray Neat Steam Cleaner, Plaintiff ALLEN had been a vibrant and active executive of a gene therapy biotech company, Lexeo:



25. Plaintiff ALLEN's life was permanently altered by the catastrophic injuries she suffered on February 3, 2025 as a result of the Dupray Neat Steam Cleaner explosion.

26. In addition to her severe physical, mental, and emotional injuries, as well as the accompanying pain and suffering, Plaintiff ALLEN lost her job as a Vice President at Lexeo where she earned a generous salary and annual bonus. Plaintiff ALLEN's physical limitations, pain, and frequent doctor and therapy appointments caused her to miss important work meetings.

27. Subsequent to the explosion of February 3, 2025, Plaintiff ALLEN learned that explosions of Dupray Neat Steam Cleaners had occurred before. Counsel discovered several enlightening customer reviews of the Dupray Neat Steam Cleaner:

EileenJc

***1.0 out of 5 stars* Exploded bottom large holes due to corrosion**

Reviewed in the United States on August 1, 2025

Size: 17-piece (Neat Steam cleaner)**Verified Purchase**

Bought this in December of 2021. It went in the garbage this week. It exploded on me. Hot water all over the floor steam running up the walls. Took it apart and the bottom of the heating container had large holes due to corrosion. Sorry this should never happen, If I or child had been near they could have been burned.

Think before getting not just because of the possibility of above but storage issues. This is very difficult to store need large place to put it due to hosing and large length plastic piping

3 people found this helpful

Helpful

Report

[Jared S]

[***1.0 out of 5 stars*** **Dangerous. Mine literally exploded**]

Reviewed in the United States on November 29, 2025

[Size: 17-piece (Neat Steam cleaner)**Verified Purchase**]

[Click to play video]

Mine literally exploded while I was waiting for it to heat up. Pieces flew all across my living room. Shattered a tile in my kitchen wall and ripped the paint off my ceiling. Thank goodness no one was in the room when it happened.

3 people found this helpful

Helpful

[Report]

28. These explosions occurred with such frequency that in March 2026, Dupray announced a recall of approximately 651,000 Dupray Neat Steam Cleaners due to a faulty pressure release valve which resulted in the risk of the "boiler ruptur[ing]":



dupray

Neat™ Steam Cleaner Voluntary Recall

**Voluntary product safety recall of certain Dupray Neat™ Steam Cleaners**

We are voluntarily recalling certain Dupray Neat™ Steam Cleaners. At Dupray, customer safety is our highest priority. When an issue may affect the safe use of one of our products, we act quickly, transparently, and responsibly.

**What's the issue?**

When the boiler is overfilled, corroded, and the pressure release valve also malfunctions, the boiler may rupture, creating a risk of burn hazards or serious injury to users or bystanders. This issue has been identified in certain production batches of the Dupray Neat™ Steam Cleaner.

Th[illegible]oduct was sold online at dupray.com and in stores and online at Home [illegible], Lowe's, Macy's, Walmart, Amazon.com and other retailers nationwide from April 2018 through December 2025. This recall includes Neat™ Steam Cleaners with the Model No. DUP020WNA.

STOP USING YOUR PRODUCT IMMEDIATELY AND CHECK IF YOUR U[illegible] AFFECTED.




29. The recall was for the same model number of Dupray Neat Steam Cleaner that exploded on February 3, 2025 and injured Plaintiff ALLEN:




30. Upon information and belief, the faulty pressure valve caused the February 3, 2025 explosion of Plaintiff ALLEN's Dupray Neat Steam Cleaner.

. . .

**FIRST CAUSE OF ACTION**
***Negligence as to All Defendants***

31. That Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

32. Defendants owed a duty to Plaintiff, and others similarly situated, to ensure that their product, particularly the Dupray Neat Steam Cleaner was properly functioning and safe for use by the end consumer.

33. Defendants, and each of them, while in the course and scope of their employment and/or agency with other Defendants, negligently failed to warn Plaintiff of safety hazards which resulted in Plaintiff's injuries.

34. Defendants, and each of them, knew or should have known that unreasonably dangerous conditions existed with the Dupray Neat Steam Cleaner, being used by Plaintiff, namely the risk of explosion due to the faulty pressure release valve.

35. Defendants owed a duty of due care to Plaintiff, and others similarly situated, in the design, testing, manufacture, installation, assembly, marketing, instructions for use and warnings for the subject Dupray Neat Steam Cleaner.

36. Defendants breached their duty of due care by their negligent, careless, wanton, willful, and indifferent failure to act including, but not limited to:

a. The negligent and improper design, testing, manufacture, installation assembly, instructions for use and warnings for the Dupray Neat Steam Cleaner; and

b. The failure to provide adequate, accurate, and effective warnings and instructions to owners, operators, and users of the subject Dupray Neat Steam Cleaner.

37. Plaintiff sustained great pain of body and mind, and mental stress and anxiety as a result of Defendants and/or DOE/ROE Defendants' breach of their duty of care.

38. The Defendants and/or DOE/ROE Defendants' conduct was the direct and proximate cause of Plaintiff's injuries.

39. That Plaintiff has been forced to retain the service of an attorney to represent them in this action, and as such is entitled to reasonable attorney's fees and litigation costs.

**SECOND CAUSE OF ACTION**
***Strict Product Liability Defective Design, Manufacture and/or Failure to Warn as to all Defendants***

40. That Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

41. That upon information and belief, Defendants, and/or DOE/ROE Defendants, are and were a component part manufacturer, installer, owner, distributor, repairer, maintainer, warned for use, retailer, and/or warrantor of said defective product as set forth herein.

42. That the true names and capacities, whether individual, corporate, agents, association or otherwise of the DOE and ROE, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOE and/or ROE are responsible in some manner for the events and happenings herein referred to, and in some manner cased the injuries and damages proximately thereby to the Plaintiff as herein alleged; that the Plaintiff will ask leave of this court to amend this Complaint to insert the true names and capacities of said DOE and/or ROE Defendants, when the same have been ascertained by the Plaintiff, together with appropriate charging allegations, and to join such Defendants in this action.

43. That said DOE and ROE Defendants are the manufacturers, designers, component part manufacturers, installers, owners, distributors, repairers, maintainers, retailers, warned for use, warrantors of said defective product as set forth herein.

44. That upon information and belief, Defendants, and each of them, sold the subject product and failed to warn Plaintiff of the hazards of the use of the subject product.

45. At the time of this incident, the product had a design and/or manufacturing defect that rendered the product unreasonably dangerous and potentially deadly.

46. The defect, which rendered it unreasonably dangerous, existed at the time the subject product and its component parts left the care, custody and control of the above-named Defendants and/or DOE/ROE Defendants

47. The Defendants and/or DOE/ROE Defendants, knew or should have known of the subject product's defect which rendered it unreasonably dangerous at the time of placing the subject product into the stream of commerce and failed to undertake measures to prohibit it from entering into the stream of commerce and into the hands of users in the State of Nevada, including warnings of the risks for product failure, proper use and maintenance of the product and proper inspection of the product for potential hazards and/or defects.

48. That the subject product was defective due to Defendants, and each of their failure to warn of the potential dangers associated with using said product.

49. That said product was defective due to a manufacturers' defect, design defect, or defect due to lack of adequate warnings.

50. That the Dupray Neat Steam Cleaner was defective as a result of its design which rendered the product unreasonably dangerous.

51. That the Dupray Neat Steam Cleaner was unreasonably dangerous and defective because it lacked suitable and adequate warnings concerning its safe and proper use which rendered the product unreasonably dangerous.

52. That the Dupray Neat Steam Cleaner failed to perform in the manner reasonably expected in light of its nature and intended function and was more dangerous than would be contemplated by the ordinary user, including Plaintiff, having the ordinary knowledge available in the community, which rendered the product unreasonably dangerous.

53. That Defendants, and each of their failure to warn was a proximate cause of Plaintiff's injuries.

54. That said product's manufacturing and/or design defect was the proximate cause of Plaintiff's injuries.

55. The Defendants and/or DOE/ROE Defendants' conduct was the direct and proximate cause of Plaintiff's injuries.

56. The Defendants and/or DOE/ROE Defendants are strictly liable to Plaintiff ALLEN jointly and severally for the damages Plaintiff ALLEN has sustained.

57. That Plaintiff has been forced to retain the service of an attorney to represent them in this action, and as such is entitled to reasonable attorney's fees and litigation costs.

**THIRD CAUSE OF ACTION**
***Breach of Express Warranties as to as to the Dupray Defendants***

58. That Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

59. Defendants DUPRAY INDUSTRIES, INC. and/or DUPRAY USA, LLC and/or DOE/ROE Defendants, expressly warranted that the Dupray Neat Steam Cleaner was free from defects and was safe for use.

60. Defendants breached the express warranties, and these breaches of warranty were the proximate and legal cause of the failure of the walk-in bathtub.

61. Plaintiff sustained injuries and damages as a result of the Defendants' breach.

62. The Defendants and/or DOE/ROE Defendants' conduct was the direct and proximate cause of Plaintiff's injuries.

63. That Plaintiff has been forced to retain the service of an attorney to represent them in this action, and as such is entitled to reasonable attorney's fees and litigation costs.

**FOURTH CAUSE OF ACTION**
***Breach of Implied Warranty of Fitness for a Particular Purpose as to the Dupray Defendants***

64. That Plaintiff incorporate by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

65. Defendants DUPRAY INDUSTRIES, INC. and/or DUPRAY USA, LLC, and/or DOE/ROE Defendants, impliedly warranted that the Dupray Neat Steam Cleaner was fit to be used for a particular purpose and was safe for use.

66. Defendants had reason to know:

c. The particular purpose for which the Dupray Neat Steam Cleaner would be used, and;

d. That Plaintiff ALLEN was relying on Defendants' skill and judgment to provide a suitable product.

67. Defendants implicitly warranted that the Dupray Neat Steam Cleaner was fit for the particular purpose for which it was required and that it was safe for Plaintiff ALLEN to use in the manner contemplated.

68. Defendants breached their implied warranty of fitness for a particular purpose, and the breaches of warranty were the proximate and legal cause of the failure of the Dupray Neat Steam Cleaner

69. Plaintiff sustained injuries and damages as a result of Defendants' breach.

70. The Defendants and/or DOE/ROE Defendants' conduct was the direct and proximate cause of Plaintiff's injuries.

71. That Plaintiff has been forced to retain the service of an attorney to represent them in this action, and as such is entitled to reasonable attorney's fees and litigation costs.

**FIFTH CAUSE OF ACTION**

***Breach of Implied Warranty of Merchantability as to as to the Dupray Defendants***

72. That Plaintiff incorporate by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

73. Defendants DUPRAY INDUSTRIES, INC. and/or DUPRAY USA, LLC, and/or DOE/ROE Defendants, breached the implied warranty of merchantability, and their breach of warranty was the proximate and legal cause of the failure of the walk-in bathtub.

74. Plaintiff sustained injuries and damages as a result of Defendants' breach.

75. The Defendants and/or DOE/ROE Defendants' conduct was the direct and proximate cause of Plaintiff's injuries.

76. That Plaintiff has been forced to retain the service of an attorney to represent them in this action, and as such is entitled to reasonable attorney's fees and litigation costs.

. . .

**PUNITIVE DAMAGES**
***As to the Dupray Defendants***

77. That Plaintiff incorporate by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

78. The Defendants DUPRAY INDUSTRIES, INC. and/or DUPRAY USA, LLC, and/or DOE/ROE Defendants, knew or should have known of the subject product's defect which rendered it unreasonably dangerous at the time of placing the subject product into the stream of commerce and failed to undertake measures to prohibit it from entering into the stream of commerce and into the hands of users in the State of Nevada, including warnings of the risks for product failure, proper use and maintenance of the product and proper inspection of the product for potential hazards and/or defects.

79. Defendants conduct was wrongful because Defendants engaged in oppression, malice and with a conscious disregard toward individuals like Plaintiff ALLEN who purchased and used the Dupray Neat Steam Cleaner in accordance with its intended use and said conduct was despicable.

80. Specifically, Defendants marketed the Dupray Neat Steam Cleaner as a powerful chemical-free cleaner for use on numerous surfaces and materials. As of September 2025 and in regard to Dupray Neat Steam Cleaner, Defendants boasted:

- Powerful Chemical-Free Cleaning: Generates superheated steam up to 275F/135C to effectively lift dirt, grease, and grime from a variety of surfaces without using harsh chemicals. Clean, sanitize, refresh, detail, and deodorize multiple surfaces naturally with just water;

- 17 Multipurpose Accessories: Versatile kit is engineered for whole-home cleaning, from grout lines and ceramic tile to sealed floors, appliances, car interiors, carpets, upholstery and more;

- Compact & Portable Design: Lightweight, easy to maneuver, and sleek design enables effortless cleaning in tight spaces, corners, and hard-to-reach areas;

- Large Tank Capacity: Long run time of 50 minutes of continuous steam per fill, enabling hours of deep cleaning sessions without the hassle of frequent refills;

- Lightweight, Engineered for Reach: Long hose and extension tubes let you leave the steamer in place while you move easily around floors, walls, car interiors, corners, and tight spaces with no need to bend;

- Cleaner Home, Naturally: Chemical-free cleaning that helps lift and remove stains from surfaces, suitable for households with kids and pets;

- Latest Design and Manufacturing: The units available for purchase are produced under the latest design and manufacturing specifications updated post 09/2025; [and]

- Kills 99.9% of Bacteria & Viruses: Tests conducted in a third-party laboratory under controlled conditions demonstrate effective sanitization.

81. Defendants did not use reasonable care in the design of the Dupray Neat Steam Cleaner and, instead, provided the cleaner to consumers with a faulty pressure release valve and, accordingly, an unreasonable risk of an explosion.

82. Defendants knew of the heightened risk associated with use of a device that relies on high levels of pressure, but did not adequately design, test and/or warn of the faulty pressure release valve and/or the unreasonably likely consequences to consumers like Plaintiff.

83. Defendants knew of prior events where Dupray Neat Steam Cleaners had exploded but took no remedial measures and issued no warnings or recalls to its customers. Defendants continued to sell the device as a safe device for cleaning consumers', such as Plaintiff's, homes.

84. Defendants knew of alternative designs for the faulty pressure release valve that were much safer to users like Plaintiff who were placed at a substantial risk of having their Dupray Neat Steam Cleaner(s) explode during normal and intended use of the device.

85. Defendants did nothing to warn Plaintiff and other consumers of the risk of the explosion – a risk that Defendants knew or should have known about but consciously disregarded and ignored.

86. Because of Defendants' conscious choices to put profits before safety, the Dupray Neat Steam Cleaner was a ticking time bomb. Plaintiff ALLEN's injuries were completely avoidable as Defendants could have warned Plaintiff of the risks associated with the faulty

pressure release valve and/or issued the recall before Plaintiff was injured in the February 3, 2025 explosion.

87. That Plaintiff has been forced to retain the service of an attorney to represent them in this action, and as such is entitled to reasonable attorney's fees and litigation costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully pray that Judgment be entered as set forth below

1. General damages for Plaintiff's pain, suffering, disfigurement, emotional distress, shock and agony in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

2. Compensatory damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

3. Special damages for Plaintiff's medical expenses in an amount to be proven at trial;

4. For punitive damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

5. For reasonable attorney's fees, pre-judgment interest and costs of incurred herein;

6. For such other and further relief as the Court may deem just and proper in the premises.

DATED this 10th day of May, 2026.

**CLOWARD TRIAL LAWYERS**
*/s/ Richard Holcomb*______________
RICHARD L. HOLCOMB, ESQ.
Nevada Bar No. 16890
6830 S. Oquendo Rd., Suite 202
Las Vegas, Nevada 89118
*Attorneys for Plaintiff*

Electronically Filed
5/26/2026 3:11 PM
Steven D. Grierson
CLERK OF THE COURT

# AFFIDAVIT OF SERVICE

| Case: | Court: | County: | Job: |
|---|---|---|---|
| A-26-943514-C | Eighth Judicial District Court | Clark, NV | 1589140[illegible] |

| Plaintiff / Petitioner: | Defendant / Respondent: |
|---|---|
| Julie Allen | Dupray Industries, Inc., Duprayy USA, LLC, Amazon.com, Inc., Amazon.com Services, Amazon Logistics, Inc. |
| **Received by:** | **For:** |
| Serve Vegas LLC | Cloward Trial Lawyers |
| **To be served upon:** | |
| Amazon Logistics, Inc. | |

I, Richard Reese , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** KRIS OSBORN, Corporate: 112 North Curry Street, Carson City, NV 89703

**Manner of Service:** Registered Agent, May 13, 2026, 10:01 am PDT

**Documents:** Amended Complaint, Summons

**Additional Comments:**
1) Successful Attempt: May 13, 2026, 10:01 am PDT at Corporate: 112 North Curry Street, Carson City, NV 89703 received by KRIS OSBORN. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 135; Height: 5'3"; Hair: Blond; Eyes: Brown;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

05/13/2026

Richard Reese **Date**
PILB#1505

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
702-209-2140
Nevada License 1914

Electronically Filed
5/26/2026 3:11 PM
Steven D. Grierson
CLERK OF THE COURT

# AFFIDAVIT OF SERVICE

| **Case:** A-26-943514-C | **Court:** Eighth Judicial District Court | **County:** Clark, NV | **Job:** 15891564 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Julie Allen | | **Defendant / Respondent:** Dupray Industries, Inc., Dupray USA, LLC, Amazon.com, Inc., Amazon.com Services, Amazon Logistics, Inc. | |
| **Received by:** Delaware Attorney Services | | **For:** Cloward Trial Lawyers | |
| **To be served upon:** Amazon.com, Inc. | | | |

I, Sharlene Brooks, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** "Jane Doe", Corporate: 251 Little Falls Drive, Wilmington, DE 19808

**Manner of Service:** Registered Agent, May 14, 2026, 3:25 pm EDT

**Documents:** Amended Complaint, Summons

**Additional Comments:**
1) Successful Attempt: May 14, 2026, 3:25 pm EDT at Corporate: 251 Little Falls Drive, Wilmington, DE 19808 received by "Jane Doe". Age: 34; Ethnicity: Caucasian; Gender: Female; Weight: 140 lb; Height: 5'6"; Hair: Brown; Relationship: registered agent representative; Other: (per agent policy they will no longer provide a name for acceptance);
Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

5/15/2026

Sharlene Brooks — Date
New Castle County

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
Nevada License 1914

**Electronically Filed**
**5/26/2026 3:11 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

## AFFIDAVIT OF SERVICE

| **Case:** | **Court:** | **County:** | **Job:** |
|---|---|---|---|
| A-26-943514-C | Eighth Judicial District Court | Clark, NV | 15891[illegible]2 |

| **Plaintiff / Petitioner:** | **Defendant / Respondent:** |
|---|---|
| Julie Allen | Dupray Industries, Inc., Duprayy USA, LLC, Amazon.com, Inc., Amazon.com Services, Amazon Logistics, Inc. |
| **Received by:** | **For:** |
| Serve Vegas LLC | Cloward Trial Lawyers |
| **To be served upon:** | |
| Amazon.com Services | |

I, Richard Reese , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** KRIS OSBORN, Corporate: 112 North Curry Street, Carson City, NV 89703

**Manner of Service:** Registered Agent, May 13, 2026, 10:02 am PDT

**Documents:** Amended Complaint, Summons

**Additional Comments:**
1) Successful Attempt: May 13, 2026, 10:02 am PDT at Corporate: 112 North Curry Street, Carson City, NV 89703 received by KRIS OSBORN. Age: 135; Ethnicity: Caucasian; Gender: Female; Weight: 135; Height: 5'3"; Hair: Blond; Eyes: Brown;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

05/13/2026

Richard Reese **Date**
PILB#1505

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
702-209-2140
Nevada License 1914

Electronically Filed
5/26/2026 3:11 PM
Steven D. Grierson
CLERK OF THE COURT

# AFFIDAVIT OF SERVICE

| Case: A-26-943514-C | Court: Eighth Judicial District Court | County: Clark, NV | Job: 15891577 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Julie Allen | | **Defendant / Respondent:** Dupray Industries, Inc., Dupray USA, LLC, Amazon.com, Inc., Amazon.com Services, Amazon Logistics, Inc. | |
| **Received by:** Delaware Attorney Services | | **For:** Cloward Trial Lawyers | |
| **To be served upon:** Dupray Industries, Inc. | | | |

I, Sharlene Brooks, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** "Jane Doe" , Corporate: 251 Little Falls Drive, Wilmington, DE 19808

**Manner of Service:** Registered Agent, May 14, 2026, 3:25 pm EDT

**Documents:** Amended Complaint, Summons

**Additional Comments:**
1) Successful Attempt: May 14, 2026, 3:25 pm EDT at Corporate: 251 Little Falls Drive, Wilmington, DE 19808 received by "Jane Doe" . Age: 34; Ethnicity: Caucasian; Gender: Female; Weight: 140 lb; Height: 5'6"; Hair: Brown; Relationship: registered agent representative; Other: (per agent policy they will no longer provide a name for acceptance).;
Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Sharlene Brooks — 5/15/2026
Sharlene Brooks — Date
New Castle County

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
Nevada License 1914

Electronically Filed
5/26/2026 3:11 PM
Steven D. Grierson
CLERK OF THE COURT

# AFFIDAVIT OF SERVICE

| Case: A-26-943514-C | Court: Eighth Judicial District Court | County: Clark, NV | Job: 15891467 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Julie Allen | | **Defendant / Respondent:** Dupray Industries, Inc., Dupray USA, LLC, Amazon.com, Inc., Amazon.com Services, Amazon Logistics, Inc. | |
| **Received by:** Delaware Attorney Services | | **For:** Cloward Trial Lawyers | |
| **To be served upon:** Dupray USA, LLC | | | |

I, Sharlene Brooks, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** "Jane Doe", Corporate: 251 Little Falls Drive, Wilmington, DE 19808

**Manner of Service:** Registered Agent, May 14, 2026, 3:25 pm EDT

**Documents:** Amended Complaint, Summons

**Additional Comments:**
1) Successful Attempt: May 14, 2026, 3:25 pm EDT at Corporate: 251 Little Falls Drive, Wilmington, DE 19808 received by "Jane Doe". Age: 34; Ethnicity: Caucasian; Gender: Female; Weight: 140 lb; Height: 5'6"; Hair: Brown; Relationship: registered agent representative; Other: (per agent policy they will no longer provide a name for acceptance);
Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Sharlene Brooks 5/15/2026

Sharlene Brooks
New Castle County

Date

Serve Vegas LLC
6592 North Decatur Boulevard Unit 150-143
Las Vegas, NV 89131
Nevada License 1914

Electronically Filed
6/9/2026 2:58 PM
Steven D. Grierson
CLERK OF THE COURT

**TYSON & MENDES LLP**
GRIFFITH HAYES
Nevada Bar No. 7374
Email: ghayes@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
Attorneys for Defendants Dupray Industries, Inc., and
Dupray USA. LLC

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

JULIE ALLEN, an individual,

Plaintiff,

v.

DUPRAY INDUSTRIES, INC., a Foreign Corporation, DUPRAY USA, LLC, a Foreign Limited Liability Company, AMAZON.COM, INC., a Foreign Corporation, AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Corporation, AMAZON LOGISTICS, INC., a Foreign Corporation, DOES 1 through 20, ROE CORPORATIONS 1 through 20, and/or DOE EMPLOYEES 1 through 20, and/or DOE MANUFACTURERS 1 through 20, and or DOE CONTRACTORS 1 through 20, and or ROE SUBCONTRACTORS 1 through 20,

Defendants.

Case No. A-26-943514-C
Dept. No. 1

**ANSWER OF DEFENDANTS DUPRAY INDUSTRIES, INC., AND DUPRAY USA, LLC TO PLAINTIFF'S AMENDED COMPLAINT**

COME NOW Defendants DUPRAY INDUSTRIES, INC., AND DUPRAY USA, LLC ("Defendants") by and through their attorneys of record, the law firm of TYSON & MENDES, LLP, and hereby files their answer to the Amended Complaint ("Amended Complaint") of Plaintiff JULIE ALLEN ("Plaintiff") and admit, deny, and allege as follows:

**PARTIES AND JURISDICTION**

1. Answering Paragraph 1 of the Amended Complaint, Defendants state that they are

without sufficient knowledge or information to form a belief as the truth or falsity of the allegations contained therein and, therefore, deny the same.

2. Answering Paragraph 2 of the Amended Complaint, Defendants admit that Dupray Industries, Inc. is a Canadian corporation that owns the Dupray brand which includes the Dupray Neat Steam Cleaner. Further admit that Dupray Industries is a North American distributor and manufacturer/ brand owner of steam cleaning equipment including the Neat Steam Cleaner. Except as admitted, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

3. Answering Paragraph 3 of the Amended Complaint, Defendants admit that Defendant Dupray USA LLC is a subsidiary of Dupray Industries and conducts business in Nevada. Except as admitted, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

4. Answering Paragraph 4 of the Amended Complaint, Defendants state that they are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

5. Answering Paragraph 5 of the Amended Complaint, Defendants state that they are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

6. Answering Paragraph 6 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

7. Answering Paragraph 7 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

8. Answering Paragraph 8 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

9. Answering Paragraph 9 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

**GENERAL FACTUAL ALLEGATIONS**

10. Answering Paragraph 10 of the Amended Complaint, Defendants state that they are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

11. Answering Paragraph 11 of the Amended Complaint, Defendants state that they are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

12. Answering Paragraph 12 of the Amended Complaint, Defendants state that they are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

13. Answering Paragraph 13 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

14. Answering Paragraph 14 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

15. Answering Paragraph 15 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

16. Answering Paragraph 16 of the Amended Complaint, Defendants state that they are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

17. Answering Paragraph 17 of the Amended Complaint, Defendants lack knowledge sufficient to respond to this allegation and therefore deny the allegation. Defendants also deny the allegations in this paragraph as they are legal conclusions.

18. Answering Paragraph 18 of the Amended Complaint, Defendants lack knowledge sufficient to respond to this allegation and therefore deny the allegation. Defendants also deny the allegations in this paragraph as they are legal conclusions.

19. Answering Paragraph 19 of the Amended Complaint, Defendants lack knowledge sufficient to respond to this allegation and therefore denies the allegation. Defendants also deny the allegations in this paragraph as they are legal conclusions.

20. Answering Paragraph 20 of the Amended Complaint, Defendants lack knowledge sufficient to respond to this allegation and therefore deny the allegation. Defendants also deny the allegations in this paragraph as they are legal conclusions.

21. Answering Paragraph 21 of the Amended Complaint, Defendants lack knowledge sufficient to respond to this allegation and therefore deny the allegation. Defendants also deny

the allegations in this paragraph as they are legal conclusions.

22. Answering Paragraph 22 of the Amended Complaint, Defendants lack knowledge sufficient to respond to this allegation and therefore deny the allegation. Defendants also deny the allegations in this paragraph as they are legal conclusions.

23. Answering Paragraph 23 of the Amended Complaint, Defendants lack knowledge sufficient to respond to this allegation and therefore deny the allegation. Defendants also deny the allegations in this paragraph as they are legal conclusions.

24. Answering Paragraph 24 of the Amended Complaint, Defendants lack knowledge sufficient to respond to this allegation and therefore deny the allegation. Defendants also deny the allegations in this paragraph as they are legal conclusions.

25. Answering Paragraph 25 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

26. Answering Paragraph 26 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

27. Answering Paragraph 27 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

28. Answering Paragraph 28 of the Amended Complaint, Defendants admit there was a voluntary recall of certain Neat Steam Cleaners in or about March of 2026. Except to the extent admitted, the allegations are denied as they are legal conclusions.

29. Answering Paragraph 29 of the Amended Complaint, Defendants admit there was a

voluntary recall of certain Neat Steam Cleaners in or about March of 2026. Except to the extent admitted, the allegations are denied as they are legal conclusions.

30. Answering Paragraph 30 of the Amended Complaint, Defendant states the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

**FIRST CAUSE OF ACTION**

**(Negligence as to All Defendants)**

31. Answering Paragraph 31 of the Amended Complaint, Defendants repeat, realleges, and incorporates herein by reference each and every response contained in paragraphs 1 through 30, inclusive, as though fully set forth herein in their entirety.

32. Answering Paragraph 32 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

33. Answering Paragraph 33 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

34. Answering Paragraph 34 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

35. Answering Paragraph 35 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

36. Answering Paragraph 36 of the Amended Complaint, Defendants state the paragraph

contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

37. Answering Paragraph 37 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

38. Answering Paragraph 38 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

39. Answering Paragraph 39 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

## SECOND CAUSE OF ACTION

### Strict Product Liability Defective Design, Manufacture and/or Failure to Warn as to all Defendants

40. Answering Paragraph 40 of the Amended Complaint, Defendants repeat, realleges, and incorporates herein by reference each and every response contained in paragraphs 1 through 39, inclusive, as though fully set forth herein in their entirety.

41. Answering Paragraph 41 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

42. Answering Paragraph 42 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

43. Answering Paragraph 43 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

44. Answering Paragraph 44 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

45. Answering Paragraph 45 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

46. Answering Paragraph 46 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

47. Answering Paragraph 47 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

48. Answering Paragraph 48 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

49. Answering Paragraph 49 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

50. Answering Paragraph 50 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required,

Defendants deny generally and specifically the allegations of this paragraph.

51. Answering Paragraph 51 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

52. Answering Paragraph 52 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

53. Answering Paragraph 53 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

54. Answering Paragraph 54 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

55. Answering Paragraph 55 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

56. Answering Paragraph 56 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

57. Answering Paragraph 57 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

**THIRD CAUSE OF ACTION**

**Breach of Express Warranties as to the Dupray Defendants**

58. Answering Paragraph 58 of the Amended Complaint, Defendants repeat, realleges, and incorporates herein by reference each and every response contained in paragraphs 1 through 57, inclusive, as though fully set forth herein in their entirety.

59. Answering Paragraph 59 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

60. Answering Paragraph 60 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

61. Answering Paragraph 61 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

62. Answering Paragraph 62 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

63. Answering Paragraph 63 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

…

…

…

**FOURTH CAUSE OF ACTION**

**Breach of Implied Warranty of Fitness for a Particular Purpose as to the Dupray Defendants**

64. Answering Paragraph 64 of the Amended Complaint, Defendants repeat, realleges, and incorporates herein by reference each and every response contained in paragraphs 1 through 63, inclusive, as though fully set forth herein in their entirety.

65. Answering Paragraph 65 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

66. Answering Paragraph 66 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

67. Answering Paragraph 67 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

68. Answering Paragraph 68 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

69. Answering Paragraph 69 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

70. Answering Paragraph 70 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required,

Defendants deny generally and specifically the allegations of this paragraph.

71. Answering Paragraph 71 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

## FIFTH CAUSE OF ACTION

**Breach of Implied Warranty of Merchantability as to the Dupray Defendants**

72. Answering Paragraph 72 of the Amended Complaint, Defendants repeat, realleges, and incorporates herein by reference each and every response contained in paragraphs 1 through 71, inclusive, as though fully set forth herein in their entirety.

73. Answering Paragraph 73 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

74. Answering Paragraph 74 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

75. Answering Paragraph 75 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

76. Answering Paragraph 76 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

…

…

**PUNITIVE DAMAGES**

**As to the Dupray Defendants**

77. Answering Paragraph 77 of the Amended Complaint, Defendants repeat, realleges, and incorporates herein by reference each and every response contained in paragraphs 1 through 76, inclusive, as though fully set forth herein in their entirety.

78. Answering Paragraph 78 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

79. Answering Paragraph 79 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

80. Answering Paragraph 80 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

81. Answering Paragraph 81 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

82. Answering Paragraph 82 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

83. Answering Paragraph 83 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

84. Answering Paragraph 84 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

85. Answering Paragraph 85 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

86. Answering Paragraph 86 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

87. Answering Paragraph 87 of the Amended Complaint, Defendants state the paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny generally and specifically the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiff's Amended Complaint on file herein, and each and every cause of action therein, fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Negligence of Plaintiff)**

Defendants are informed and believe and thereon alleges that Plaintiff's action is barred and/or Plaintiff's recovery is diminished by the contributory negligence of the Plaintiff and/or by the comparative fault of the Plaintiff due to the failure of the Plaintiff to use reasonable care in protecting her own health. Plaintiff is not entitled to recovery from Defendants in that any loss sustained by Plaintiff is the result of negligence or actionable fault on the part of Plaintiff.

…

**THIRD AFFIRMATIVE DEFENSE**

**(Comparative Negligence of Other Parties)**

Defendants are informed and believes and thereon alleges that it is not legally responsible in any fashion with respect to damages and injuries claimed by the Plaintiff in the Amended Complaint; however, if Defendants are subjected to any liability to the Plaintiff, it will be due, in whole or in part, to the acts, omissions, activities, carelessness, recklessness and negligence of others; wherefore, any recovery obtained by Plaintiff against Defendants should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons, entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative negligence; the liability of Defendants, if any, is limited in direct proportion to the percentage of the fault actually attributed to Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

**(Not Responsible for Acts of DOES or ROES)**

Defendants are not legally responsible for the acts and/or omissions of any other Defendants including any defendant that may be designated as DOE or ROE defendant.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Defendants are informed and believe and thereon alleges that as to each alleged cause of action Plaintiff has refused and neglected to take reasonable steps to mitigate the alleged damages, if any, thus barring or diminishing Plaintiff's recovery herein.

**SIXTH AFFIRMATIVE DEFENSE**

**(Negligence of Other Parties)**

Defendants are informed and believe and thereon alleges that Plaintiff's damages, if any, were directly and proximately caused by outside forces and/or by the negligence or conduct of third parties over which Defendants had no control.

…

…

**SEVENTH AFFIRMATIVE DEFENSE**

**(Doctrine of Estoppel)**

Defendants are informed and believe and thereon allege that Plaintiff unreasonably delayed the filing of the Amended Complaint and the notification to Defendants of the alleged negligence and strict liability and the bases for the causes of action alleged against them, all of which have unduly and severely prejudiced Defendants in its defense of the action, thereby barring or diminishing Plaintiff's recovery herein under the doctrine of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Doctrine of Waiver)**

Defendants are informed and believes and thereon alleges that Plaintiff unreasonably delayed the filing of the Amended Complaint and in notifying Defendants of the alleged negligence and strict liability and the bases for the causes of action alleged against them, all of which have unduly and severely prejudiced Defendants in its defense of the action, thereby barring or diminishing Plaintiff's recovery herein under the doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**

**(Doctrine of Laches)**

Defendants are informed and believes and thereon alleges that Plaintiff unreasonably delayed the filing of the Amended Complaint and in notifying Defendants of the alleged negligence and strict liability and the bases for the causes of action alleged against them, all of which have unduly and severely prejudiced Defendants in its defense of the action, thereby barring or diminishing Plaintiff's recovery herein under the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

**(Doctrine of Unclean Hands)**

By virtue of Plaintiff's unlawful, immoral, careless, negligent, and other wrongful conduct, Plaintiff should be barred from recovery against Defendants by the equitable doctrine of unclean hands.

…

…

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations/Repose)**

Defendants are informed and believe and thereon alleges that Plaintiff's Amended Complaint, and each and every cause of action alleged therein, is barred by the applicable statute(s) of limitations and/or statute(s) of repose including but not limited to N.R.S 11.190 4(e).

**TWELFTH AFFIRMATIVE DEFENSE**

**(Standard of Care)**

Defendants are informed and believe and thereon alleges that the Plaintiff is barred and precluded from any recovery in this action because Defendants at all times complied with the applicable standard of care in connection with the sale of the subject product.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Defendants allege that at all times relevant to Plaintiff's Amended Complaint, the Plaintiff assumed the risk and hazards resulting in her injuries and the Plaintiff knew of the risks and danger involved but despite such knowledge the Plaintiff persisted in proceeding with her conduct as alleged in Plaintiff's Amended Complaint and therefore Plaintiff is barred from recovery.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Intervening Act)**

The injuries and damages complained of by Plaintiff were caused in whole or in part by a new, independent, and superseding intervening cause over which Defendants had no control, thereby barring or diminishing Plaintiff's recovery herein.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Use Reasonable Care)**

Defendants are informed and believe and thereon allege that Plaintiff's action is barred and/or her recovery is diminished by Plaintiff's own contributory negligence and/or comparative fault due to Plaintiff's own failure to use reasonable care in protecting her own health. Plaintiff is not entitled to recovery from Defendants in that any loss sustained by Plaintiff is the result of

negligence or actionable fault on the part of Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Misuse)**

Plaintiff was not using the product referenced to in the Plaintiff's Amended Complaint in the way it was intended to be used and therefore the Plaintiff's injuries were caused by such unintended use and recovery against Defendants is barred.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Discover Alleged Product Defect)**

If the subject product was in any way defective the Plaintiff knew or with reasonable inspection should have known of any such alleged defect and the Plaintiff negligently and carelessly failed to discover and guard against any alleged defect, thereby barring or reducing any recovery against Defendants.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Compliance With Existing Standards)**

At all relevant times referenced in Plaintiff's Amended Complaint, the subject product complied with existing standards and therefore the subject product was not inherently dangerous or unreasonably dangerous and performed in the manner reasonably expected under the circumstances surrounding the incident at issue in Plaintiff's Amended Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available to Defendants after reasonable inquiry and, therefore, Defendants reserve the right to amend their Answer to allege additional affirmative defenses if subsequent investigation so warrants.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

Nevada Revised Statute 42.010 does not provide adequate safeguards for its application and is therefore void for vagueness under the due process clause of the 14th Amendment of the

United States Constitution and the Nevada Constitution, Article 1, Section VII, thereby rendering any punitive damages unconstitutional.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

Defendants allege that Plaintiff's claims for punitive damages are barred to the extent that they are not available and/or because any alleged unlawful conduct was not known, willful or malicious.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Express/Implied Malice)**

Defendants deny at any time acting with either express or implied malice in any way regarding the Plaintiff, and therefore any claim for punitive damages is barred as a matter of law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Burden of Proof)**

Fairness and constitutional due process require that punitive damages be proven by clear and convincing evidence.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Reduction of Damages)**

Punitive damages, if any are awarded, must be reduced by reason of the fault of the plaintiff and the circumstances under which this action arose.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Incorporation of Rule 8)**

Defendants hereby incorporate by reference those affirmative defenses enumerated in Rule 8(c)(1) (A)-(S) of the Nevada Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendants reserve the right to seek leave of Court to amend their Answer to assert one or more of the Rule 8 affirmative defenses. These defenses are incorporated herein so they are not waived.

WHEREFORE, Defendants pray for relief of judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by way of her Amended Complaint;

2. That the Amended Complaint and all claims against Defendants alleged therein, be dismissed with prejudice;

3. For attorney's fees and costs as allowed by law; and

4. For such other and further relief as may be deemed just and proper by the Court.

Dated: June 9, 2026

TYSON & MENDES LLP

*/s/ Griffith Hayes*
Griffith Hayes
Nevada Bar No. 7374
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
*Attorneys for Defendants Dupray Industries, Inc., and Dupray USA, LLC*

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Tyson & Mendes LLP, hereby certifies that on the 9th day of June, 2026 a true and correct copy of the foregoing **ANSWER OF DEFENDANTS DUPRAY INDUSTRIES, INC., AND DUPRAY USA, LLC TO PLAINTIFF'S AMENDED COMPLAINT** was served by electronic service in accordance with Administrative Order 14.2, to all interested parties, through the Court's **ODYSSEY eFileNV** system*:*

Richard L. Holcomb, Esq.
CLOWARD TRIAL ATTORNEYS
6830 S. Oquendo Rd., Suite 202
Las Vegas, Nevada 89118
Attorney(s) for Plaintiff

/s/ Misty Pettiford
_______________________________
An employee of Tyson & Mendes LLP

Electronically Filed
6/9/2026 2:58 PM
Steven D. Grierson
CLERK OF THE COURT

**TYSON & MENDES LLP**
GRIFFITH HAYES
Nevada Bar No. 7374
Email: ghayes@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
Attorneys for Defendants Dupray Industries, Inc., and Dupray USA. LLC

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

JULIE ALLEN, an individual,

Plaintiff,

v.

DUPRAY INDUSTRIES, INC., a Foreign Corporation, DUPRAY USA, LLC, a Foreign Limited Liability Company, AMAZON.COM, INC., a Foreign Corporation, AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Corporation, AMAZON LOGISTICS, INC., a Foreign Corporation, DOES 1 through 20, ROE CORPORATIONS 1 through 20, and/or DOE EMPLOYEES 1 through 20, and/or DOE MANUFACTURERS 1 through 20, and or DOE CONTRACTORS 1 through 20, and or ROE SUBCONTRACTORS 1 through 20,

Defendants.

Case No. A-26-943514-C
Dept. No. 1

**DEMAND FOR JURY TRIAL OF DEFENDANTS DUPRAY INDUSTRIES, INC., AND DUPRAY USA, LLC**

Defendants DUPRAY INDUSTRIES, INC., AND DUPRAY USA, LLC ("Defendants"), by and through their counsel of record, GRIFFITH HAYES, ESQ. of the law firm of TYSON & MENDES LLP, hereby demand that the trial of the above-entitled action be heard before a jury.

Dated: June 9, 2026

TYSON & MENDES LLP

*/s/ Griffith Hayes*
Griffith Hayes
Nevada Bar No. 7374
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
*Attorneys for Defendants Dupray Industries, Inc., and Dupray USA, LLC*

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Tyson & Mendes LLP, hereby certifies that on the 9th day of June, 2026 a true and correct copy of the foregoing **DEMAND FOR JURY TRIAL OF DEFENDANTS DUPRAY INDUSTRIES, INC., AND DUPRAY USA, LLC** was served by electronic service in accordance with Administrative Order 14.2, to all interested parties, through the Court's **ODYSSEY eFileNV** system*:*

Richard L. Holcomb, Esq.
CLOWARD TRIAL ATTORNEYS
6830 S. Oquendo Rd., Suite 202
Las Vegas, Nevada 89118
Attorney(s) for Plaintiff

/s/ Misty Pettiford

An employee of Tyson & Mendes LLP

Electronically Filed
6/9/2026 2:58 PM
Steven D. Grierson
CLERK OF THE COURT

**TYSON & MENDES LLP**
GRIFFITH HAYES
Nevada Bar No. 7374
Email: ghayes@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
Attorneys for Defendants Dupray Industries, Inc., and Dupray USA. LLC

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

JULIE ALLEN, an individual,

Plaintiff,

v.

DUPRAY INDUSTRIES, INC., a Foreign Corporation, DUPRAY USA, LLC, a Foreign Limited Liability Company, AMAZON.COM, INC., a Foreign Corporation, AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Corporation, AMAZON LOGISTICS, INC., a Foreign Corporation, DOES 1 through 20, ROE CORPORATIONS 1 through 20, and/or DOE EMPLOYEES 1 through 20, and/or DOE MANUFACTURERS 1 through 20, and or DOE CONTRACTORS 1 through 20, and or ROE SUBCONTRACTORS 1 through 20,

Defendants.

Case No. A-26-943514-C
Dept. No. 1

**CORPORATE DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1 OF DEFENDANTS DUPRAY INDUSTRIES, INC., AND DUPRAY USA, LLC**

COME NOW Defendants DUPRAY INDUSTRIES, INC., AND DUPRAY USA, LLC (“Defendants”), by and through their counsel of record, GRIFFITH HAYES, ESQ. of the law firm of TYSON & MENDES LLP, and makes the following disclosure pursuant to NRCP 7.1:

…

…

…

…

…

Defendants state it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

Dated: June 9, 2026

TYSON & MENDES LLP

/s/ Griffith Hayes
Griffith Hayes
Nevada Bar No. 7374
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
*Attorneys for Defendants Dupray Industries, Inc., and Dupray USA, LLC*

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Tyson & Mendes LLP, hereby certifies that on the 9th day of June, 2026 a true and correct copy of the foregoing **CORPORATE DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1 OF DEFENDANTS DUPRAY INDUSTRIES, INC., AND DUPRAY USA, LLC** was served by electronic service in accordance with Administrative Order 14.2, to all interested parties, through the Court's **ODYSSEY eFileNV** system:

Richard L. Holcomb, Esq.
CLOWARD TRIAL ATTORNEYS
6830 S. Oquendo Rd., Suite 202
Las Vegas, Nevada 89118
Attorney(s) for Plaintiff

/s/ Misty Pettiford

---

An employee of Tyson & Mendes LLP

Electronically Filed
6/9/2026 2:58 PM
Steven D. Grierson
CLERK OF THE COURT

**TYSON & MENDES LLP**
GRIFFITH HAYES
Nevada Bar No. 7374
Email: ghayes@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
Attorneys for Defendants Dupray Industries, Inc., and Dupray USA. LLC

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

JULIE ALLEN, an individual,

Plaintiff,

v.

DUPRAY INDUSTRIES, INC., a Foreign Corporation, DUPRAY USA, LLC, a Foreign Limited Liability Company, AMAZON.COM, INC., a Foreign Corporation, AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Corporation, AMAZON LOGISTICS, INC., a Foreign Corporation, DOES 1 through 20, ROE CORPORATIONS 1 through 20, and/or DOE EMPLOYEES 1 through 20, and/or DOE MANUFACTURERS 1 through 20, and or DOE CONTRACTORS 1 through 20, and or ROE SUBCONTRACTORS 1 through 20,

Defendants.

Case No. A-26-943514-C
Dept. No. 1

**INITIAL APPEARANCE FEE DISCLOSURE OF DEFENDANTS DUPRAY INDUSTRIES, INC., AND DUPRAY USA, LLC**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action ad indicated below:

| | |
|---|---|
| DUPRAY INDUSTRIES, INC | $223.00 |
| DUPRAY USA, LLC | $30.00 |

…

…

…

…

TOTAL REMITTED: $253.00

Dated: June 9, 2026

TYSON & MENDES LLP

*/s/ Griffith Hayes*

Griffith Hayes
Nevada Bar No. 7374
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
*Attorneys for Defendants Dupray Industries, Inc., and Dupray USA, LLC*

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Tyson & Mendes LLP, hereby certifies that on the 9th day of June, 2026 a true and correct copy of the foregoing **INITIAL APPEARANCE FEE DISCLOSURE OF DEFENDANTS DUPRAY INDUSTRIES, INC., AND DUPRAY USA, LLC** was served by electronic service in accordance with Administrative Order 14.2, to all interested parties, through the Court's **ODYSSEY eFileNV** system*:*

Richard L. Holcomb, Esq.
CLOWARD TRIAL ATTORNEYS
6830 S. Oquendo Rd., Suite 202
Las Vegas, Nevada 89118
Attorney(s) for Plaintiff

/s/ Misty Pettiford

An employee of Tyson & Mendes LLP

Electronically Filed
6/11/2026 1:36 PM
Steven D. Grierson
CLERK OF THE COURT

**TYSON & MENDES LLP**
GRIFFITH HAYES
Nevada Bar No. 7374
Email: ghayes@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
Attorneys for Defendants Dupray Industries, Inc., and Dupray USA. LLC

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JULIE ALLEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DUPRAY INDUSTRIES, INC., a Foreign Corporation, DUPRAY USA, LLC, a Foreign Limited Liability Company, AMAZON.COM, INC., a Foreign Corporation, AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Corporation, AMAZON LOGISTICS, INC., a Foreign Corporation, DOES 1 through 20, ROE CORPORATIONS 1 through 20, and/or DOE EMPLOYEES 1 through 20, and/or DOE MANUFACTURERS 1 through 20, and or DOE CONTRACTORS 1 through 20, and or ROE SUBCONTRACTORS 1 through 20,<br><br>Defendants. | Case No. A-26-943514-C<br>Dept. No. 1<br><br>**AMENDED CORPORATE DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1 OF DEFENDANT DUPRAY INDUSTRIES, INC.** |

COMES NOW Defendant DUPRAY INDUSTRIES, INC. ("Defendant"), by and through its counsel of record, GRIFFITH HAYES, ESQ. of the law firm of TYSON & MENDES LLP, and makes the following disclosure pursuant to NRCP 7.1:

…

…

…

…

…

Dupray Industries, Inc. is a Canadian corporation with its corporate offices located at 3700 Saint-Patrick Street, Suite 212, Montréal, Québec H4E 1A2, Canada. All officers and directors of Dupray Industries, Inc. are Canadian residents. The majority of major executive decisions for the company are made from the corporate offices in Canada.

Defendant states it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

Dated: June 11, 2026

TYSON & MENDES LLP

*/s/ Griffith Hayes*
Griffith Hayes
Nevada Bar No. 7374
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
*Attorneys for Defendants Dupray Industries, Inc., and Dupray USA, LLC*

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Tyson & Mendes LLP, hereby certifies that on the 11th day of June, 2026 a true and correct copy of the foregoing **AMENDED CORPORATE DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1 OF DEFENDANT DUPRAY INDUSTRIES, INC.,** was served by electronic service in accordance with Administrative Order 14.2, to all interested parties, through the Court's **ODYSSEY eFileNV** system:

Richard L. Holcomb, Esq.
CLOWARD TRIAL ATTORNEYS
6830 S. Oquendo Rd., Suite 202
Las Vegas, Nevada 89118
Attorney(s) for Plaintiff

/s/ Misty Pettiford

An employee of Tyson & Mendes LLP

Electronically Filed
6/11/2026 1:36 PM
Steven D. Grierson
CLERK OF THE COURT

**TYSON & MENDES LLP**
GRIFFITH HAYES
Nevada Bar No. 7374
Email: ghayes@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
Attorneys for Defendants Dupray Industries, Inc., and Dupray USA, LLC

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JULIE ALLEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DUPRAY INDUSTRIES, INC., a Foreign Corporation, DUPRAY USA, LLC, a Foreign Limited Liability Company, AMAZON.COM, INC., a Foreign Corporation, AMAZON.COM SERVICES, LLC, a Foreign Limited Liability Corporation, AMAZON LOGISTICS, INC., a Foreign Corporation, DOES 1 through 20, ROE CORPORATIONS 1 through 20, and/or DOE EMPLOYEES 1 through 20, and/or DOE MANUFACTURERS 1 through 20, and or DOE CONTRACTORS 1 through 20, and or ROE SUBCONTRACTORS 1 through 20,<br><br>Defendants. | Case No. A-26-943514-C<br>Dept. No. 1<br><br>**AMENDED CORPORATE DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1 OF DEFENDANT DUPRAY USA LLC** |

COMES NOW Defendant DUPRAY USA LLC ("Defendant"), by and through its counsel of record, GRIFFITH HAYES, ESQ. of the law firm of TYSON & MENDES LLP, and makes the following disclosure pursuant to NRCP 7.1:

Dupray USA LLC is a limited liability company formed under the laws of the State of Delaware. The members of Dupray USA, LLC are set forth below. All of the members are citizens of Canada. None of the members are citizens of Nevada.

A. Sébastien Dupéré, an individual.

B. Brent Gray, an individual. and

C. Pierre-Renaud Tremblay, an individual.

D. None of the members of Dupray USA, LLC themselves are limited liability companies or other entities. All members are natural persons.

Dupray USA LLC is 100% owned by Dupray Ventures, Inc. (Enterprise Dupray, Inc. in French).

Dated: June 11, 2026

TYSON & MENDES LLP

*/s/ Griffith Hayes*
Griffith Hayes
Nevada Bar No. 7374
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
*Attorneys for Defendants Dupray Industries, Inc., and Dupray USA, LLC*

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Tyson & Mendes LLP, hereby certifies that on the 11th day of June, 2026 a true and correct copy of the foregoing **AMENDED CORPORATE DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1 OF DEFENDANT DUPRAY USA, LLC** was served by electronic service in accordance with Administrative Order 14.2, to all interested parties, through the Court's **ODYSSEY eFileNV** system*:*

Richard L. Holcomb, Esq.
CLOWARD TRIAL ATTORNEYS
6830 S. Oquendo Rd., Suite 202
Las Vegas, Nevada 89118
Attorney(s) for Plaintiff

/s/ Misty Pettiford

An employee of Tyson & Mendes LLP